UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Suhaib M., <br><br>　　　　　Petitioner, <br><br>v. <br><br>Kristi Noem, *Secretary, U.S. Department of Homeland Security, in her official capacity*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement, in his official capacity*; Peter Berg, *Director, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity*; and Joel Brott, *Sheriff of Sherburne County Jail, Minnesota, custodian of detainees of the Sherburne County Jail*, <br><br>　　　　　Respondents. | Civ. No. 26-13 (JWB/DJF) <br><br><br><br>**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

Evangeline Surya Ester Dhawan-Maloney, Esq., Robichaud, Schroepfer & Correia, P.A., counsel for Petitioner.

Ana H. Voss, Esq., and David W. Fuller, Esq., United States Attorney's Office, counsel for federal Respondents.

This case asks whether Respondents may detain a noncitizen under 8 U.S.C. § 1225(b)(2) after previously releasing him from custody under 8 U.S.C. § 1226 and placing him in removal proceedings under 8 U.S.C. § 1229. The answer is no. Because Respondents previously exercised authority to release Petitioner Suhaib M. under § 1226,

that statute—not § 1225—governs detention while removal proceedings remain pending.

Respondents' position has been often rejected in this District. *See, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48, 1150–52 (D. Minn. 2025); *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *7–8 (D. Minn. Oct. 20, 2025). Therefore, the petition is granted to the extent that it requests release.

## BACKGROUND

Petitioner is a native and citizen of Somalia. (*See* Doc. No. 1, Petition ¶¶ 12, 24.) On August 30, 2022, he arrived on a flight from Ethiopia to Newark Liberty International Airport and was detained for inspection, where he stated a fear of being returned to Somalia. (*Id.* ¶ 24; Doc. No. 7, Van Der Vaart Decl. ¶ 4; Doc. No. 7-1, Resp. Ex. A) On September 7, 2022, he was released from custody on his own recognizance and enrolled in the Alternatives to Detention ("ATD") program. (Petition ¶ 24, Doc. No. 1-2, Pet. Ex. A; *see also* Van Der Vaart Decl. ¶ 5.)

Petitioner's Order of Release on Recognizance states that the release was "[i]n accordance with section 236 of the Immigration and Nationality Act," which corresponds with § 1226. (Doc. No. 1-2, Pet. Ex. A, at 1.) Petitioner states that his release conditions include sending a photo of himself to Respondents weekly and attending phone visits, in-person visits to the ATD office, and home visits. (Doc. No. 8-1, Mohamed Decl. ¶ 2.)

Petitioner later received a Notice to Appear charging inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Petition ¶ 24; Doc. No. 7-2, Resp. Ex. B.) The Notice placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229a, which governs

2

full removal proceedings before an Immigration Judge. (*Id.*)

Petitioner alleges that he has a work permit, has complied with his supervision conditions, and has no criminal history. (Petition ¶¶ 3, 25; *see also* Mohamed Decl. ¶¶ 2–3; Van Der Vaart Decl. ¶ 11.) He filed an application for asylum in 2023. (Petition ¶¶ 3, 25; Van Der Vaart Decl. ¶ 10.)

On December 5, 2025, Immigration and Customs Enforcement officers apprehended Petitioner, which he states occurred as he arrived for a check-in at the ATD office. (Petition ¶ 26; Mohamed Decl. ¶ 4; Doc. No. 7-3, Resp. Ex. C.) He has since remained in custody at the Sherburne County Jail. (Petition ¶¶ 5, 27.)

## DISCUSSION

### I. Legal Standard

A writ of habeas corpus may issue where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of establishing, by a preponderance of the evidence, that the challenged detention lacks a lawful statutory basis. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

Immigration detention, like all civil detention, must rest on an express congressional grant of authority and must bear a reasonable relation to its statutory purpose. *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Section 2241 confers jurisdiction to determine whether the Executive Branch has statutory authority to detain an individual, including in the immigration context. *See id.* 687–88.

**II.    Analysis**

Petitioner challenges only the lawfulness of his detention under federal law. He does not contest any removal order, the conduct of removal proceedings, or the execution of removal. Therefore, jurisdiction lies under 28 U.S.C. § 2241 to review the legal basis for custody. *See, e.g.*, *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025). Because the Petition is not directed at removal, statutory channeling provisions do not apply either. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

The Immigration and Nationality Act ("INA") distinguishes between inspection, removal proceedings, and detention authority. "Inspection" is the process by which immigration officers determine whether a noncitizen seeking entry at the border or a port of entry may be admitted to the United States. *See* 8 U.S.C. § 1225(a). Section 1225 governs that process and generally requires detention. *Id.*; *see also Maldonado*, 795 F. Supp. 3d at 1149.

Section 1226, by contrast, governs detention of noncitizens already present in the United States. *Jennings*, 138 S. Ct. at 846. Detention under § 1226(a) is not mandatory and permits release on bond or recognizance. *Maldonado*, 795 F. Supp. 3d at 1149–50.

Respondents assert that Petitioner is subject to § 1225(b)(2), which mandates detention of certain "applicants for admission" pending removal proceedings. The vast majority of district courts considering that assertion, including this Court, have determined that the text, structure, and function of the INA's detention provisions all indicate that § 1225 does not apply to noncitizens released to the interior of the country like Petitioner. *See Eliseo A.A. v. Olson*, Civ. No. 25-3381 (JWB/DJF), 2025 WL

4

2886729 (D. Minn. Oct. 8, 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct. 20, 2025); *Khalid B.Q. v. Bondi*, Civ. No. 25-4584 (JWB/DJF), Doc. No. 10 (D. Minn. Dec. 18, 2025); *Xuseen A. v. Bondi*, Civ. No. 25-4514 (JWB/DJF), Doc. No. 16 (D. Minn. Dec. 19, 2025). Respondents' examples of recent orders agreeing with their statutory interpretation do not alter the outcome. And their expanded argument on the issue does not persuade this Court that its previous analysis warrants reversal.

*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), does not alter the result either. The Board of Immigration Appeals there endorsed DHS's view that § 1225 governs detention of noncitizens present without admission and that immigration judges therefore lack authority to conduct bond hearings. *Id.* at 225. But that interpretation runs headlong into the statute's text and structure for the reasons already explained. Where an agency's reading conflicts with the statute Congress enacted, it does not control. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (explaining that only long-standing and consistent agency interpretations merit weight); *see also Belsai D.S. v. Bondi*, Civ. No. 25-3682 (KMM/EMB), 2025 WL 2802947, at *7 n.5 (D. Minn. Oct. 1, 2025).

The analysis here is straightforward. Respondents released Petitioner from custody under § 1226, placed him in removal proceedings under § 1229a, and allowed him to remain in the community for over three years. Although Respondents and Petitioner both state that he was placed on an Order of Supervision (*see* Van Der Vaart Decl. ¶ 5; Mohamed Decl. ¶ 1), the actual document Petitioner received was an Order for Release

5

on Recognizance, Form I-220A (*see* Pet. Ex. A). Nothing in the record suggests Respondents ever revoked that release based on flight risk, danger, changed circumstances, or any other reason.

Respondents' assertion that Petitioner was detained for violating release conditions is not persuasive. The supporting declaration's assertions of missed check-ins are not supported by the documented evidence, the December 5, 2025 arrest record makes no mention of program violations, and Petitioner declares that he has complied with all required check-ins. Instead, Petitioner's detention follows the same pattern as many recent cases in this District: he was encountered by ICE and detained without being issued a warrant or given any other process, with the only legal justification being that he is subject to mandatory detention under § 1225(b)(2).

Section 1225(b)(2) provides Respondents with no authority to revisit Petitioner's custody determination years later. The Supreme Court has consistently treated §§ 1225 and 1226 as addressing different populations at different procedural moments, not as interchangeable sources of detention authority. *Jennings*, 138 S. Ct. at 836–38. Nothing in § 1225 authorizes Respondents to revive mandatory detention just by recharacterizing a previously released noncitizen as an applicant for admission. *See, e.g., Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 969–70 (D. Minn. 2025). The statute contains no mechanism for that switch. Allowing Respondents to toggle between detention regimes in this way would collapse the statutory structure Congress enacted and render § 1226 largely superfluous.

On this record, Petitioner's continued detention rests on a statute and an

6

interpretation that do not apply and is unlawful. *See Khalid B.Q.*, Civ. No. 25-4584, Doc. No. 10 at 6; *Xuseen A.*, Civ. No. 25-4514, Doc. No. 16 at 7. Thus, he is entitled to a writ of habeas corpus that grants his immediate release subject to the conditions in his original Order of Release on Recognizance. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for "unlawful executive detention").

Respondents argue that if Petitioner has been misclassified under § 1225, the proper remedy is a bond hearing under § 1226 rather than release. But a bond hearing presupposes lawful detention authority under § 1226. Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory power as a mere procedural irregularity rather than a substantive defect. Habeas relief requires more because it addresses the lawfulness of custody itself, not the adequacy of procedures that might attend some other, uninvoked challenge to detention. *See Wajda v. United States*, 64 F.3d 385, 389 (8th Cir. 1995). For detention that lacks a lawful predicate, release is an available and appropriate remedy. *Munaf*, 553 U.S. at 693.

Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings. Because Petitioner has shown Respondents have not invoked a provision of the Immigration and Nationality Act that authorizes his continued detention, the petition for a writ of habeas corpus is granted, and Petitioner's other habeas claims are not reached.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner Suhaib M.'s petition for a writ of habeas corpus (Doc. No. 1) is **GRANTED**.

2. Respondents shall immediately release Petitioner from custody, subject to the conditions of his September 7, 2022 Order of Release on Recognizance.

3. Respondents shall confirm Petitioner's release within 48 hours from the date of this Order.

4. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

5. Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 12, 2026          *s/ Jerry W. Blackwell*
                                             JERRY W. BLACKWELL
                                             United States District Judge